### In re HARCOM, INC. d/b/a The Yankee Doodler, Debtor.

**Bankruptcy No. 85–553.**

United States Bankruptcy Court,
D. New Hampshire.

Sept. 30, 1987.

**138**

## ORDER DEFERRING ACTION ON DIS- CLOSURE STATEMENT FILED BY DEBTOR–IN–POSSESSION

JAMES E. YACOS, Bankruptcy Judge.

This chapter 11 proceeding came on for hearing on September 21, 1987 on Proponents' Motion For Approval Of First Amended Disclosure Statement, hereinafter referred to as Proponents' (John Ganon and Stephen Chicklis) Disclosure Statement. By Order dated September 25, 1987 the court approved Proponents' Disclosure Statement and ordered that a hearing shall be held on the confirmation of the "Ganon–Chicklis" plan on November 3, 1987 at 3 p.m. On September 23, 1985, subsequent to the hearing on the "Ganon–Chicklis" Disclosure Statement, a plan and proposed disclosure statement was filed by the debtor-in-possession in this case.

The hearing on the confirmation of the Proponents' Plan may result in a confirmation order that would render moot any proceedings on the disclosure statement and reorganization plan now submitted by the debtor-in-possession. Therefore, the court will defer action relating to approval of the disclosure statement submitted by the debtor-in-possession until after the hearing on November 3, 1987 regarding the Proponents' Plan. The court will direct noticing of a hearing to consider approval of the disclosure statement submitted by the debtor-in-possession subsequent to the November 3, 1987 hearing, as may then be appropriate.

The court notes that, pursuant to Bankruptcy Rule 2002(b), it is required that all parties in interest be given "not less than 25 days notice ... of ... the time fixed for filing objections to and the hearing to consider approval of the disclosure statement" and requires a further 25–day notice thereafter of deadlines for objecting to a plan and a confirmation hearing on same.

As a result of Rule 2002(b), the court finds that it would be impossible to process the disclosure statement filed by the debtor-in-possession early enough to allow voting on the reorganization plan submitted by the debtor-in-possession by the time of the November 3, 1987 hearing.

The procedure herein adopted will preserve the underlying policy of § 1125(a) of the Bankruptcy Code which permits consideration of a pending plan of reorganization without disclosure of "any other possible or proposed plan" which is itself not procedurally ready for voting at the time of the voting on the pending plan.